IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN HOLLOWAY, #829614, | ) | |
|           Petitioner, | ) | |
| | ) | |
| v. | ) | 3:03-CV-0713-K |
| | ) | |
| DOUGLAS DRETKE, Director, Texas Dep't | ) | |
| of Criminal Justice, Correctional Institutions | ) | |
| Division, | ) | |
|           Respondent. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Polunsky Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Livingston, Texas. Respondent is the TDCJ-CID Director. The court issued process in this case.

Statement of the Case: Petitioner was indicted for the offense of aggravated assault with a deadly weapon in the 194th Judicial District Court of Dallas County, Texas, Cause No. F96-01997. See Trial Court Record (TCR) at 2. The case was subsequently transferred to Criminal District Court No. 3 of Dallas County, Texas. On February 24, 1997, Petitioner entered a plea of *nolo contendere* to the aggravated assault charge. See TCR at 8-10. He also pled true to two

enhancement paragraphs.  See TCR at 9.  The court then entered an order of deferred adjudication, and placed Holloway on a term of ten years of community supervision/probation.  See TCR at 10.  Petitioner did not appeal.

Thereafter, the State twice moved to proceed with an adjudication of guilty.  See TCR at 23 and 30.  In response to the first motion, the trial court modified Petitioner's community-supervision terms to include "in-patient drug treatment."  See TCR at 28.  On May 29, 1998, Petitioner pled true to the State's allegations in the second motion to adjudicate his guilt.  See TCR at 33-34.  On the same date, the trial court adjudicated him guilty of the aggravated assault charge and assessed punishment at fifty-two years imprisonment.  See TCR at 35.  On July 30, 1999, the Fifth District Court of Appeals at Dallas dismissed Petitioner's direct appeal for want of jurisdiction.  Holloway v. State of Texas, No. 05-98-01066-CR.

On February 10, 2000, Petitioner filed a state application for writ of habeas corpus.  Ex parte Holloway, No. 53,361-02, at 2.  On December 18, 2002, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing.  Id. at cover.

In his federal habeas petition and memorandum in support filed on April 8, 2003, Petitioner challenges (1) the trial court's failure to admonish him at the time of his *nolo contendere* plea; (2) the trial court's abuse of discretion in finding the evidence sufficient to support his *nolo contendere* plea; (3) the assistance of counsel at the time he pled *nolo contendere*; and (4) the assistance of counsel at the time of his probation revocation hearing.[1]

---

[1]  For purposes of this recommendation, the petition is deemed filed on April 5, 2003, the date Petitioner signed it and presumably placed it in the prison mail.  See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for

2

In response to the petition and this court's show cause order, Respondent filed the state court record along with an answer asserting that the petition is time barred and, in the alternative, that the petition is without merit. Petitioner has filed a reply.

Findings and Conclusions: Petitioner raises three claims related to his original nolo contendere plea (grounds 1-3), and one claim related to the parole revocation proceeding (ground 4). The Court addresses first the statute of limitations issues, and second the merits of any claim, which was timely raised.

1. Timeliness of Claims Related to the Initial Plea

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See id. § 2244(d)(1)(A)-(D).

Petitioner alleges no state-created impediment under subparagraph (B) that prevented

---

determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).
     Petitioner pled his fourth ground -- that he received ineffective assistance of counsel at the probation revocation hearing -- only in the memorandum in support. (See Memorandum at 12-13).

him from filing this federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Holloway sets out alleged deficiencies which occurred in the course of his initial plea of nolo contendere in his reply at pages 2-3. All occurred in his presence and/or in open court and, thus, could have been known to him prior to the time his deferred adjudication became final.

In Caldwell v. Dretke, 429 F.3d 521, 526-29 (5th Cir. 2005), the Fifth Circuit recently held that an order of deferred adjudication probation following a guilty plea is a final judgment for purposes of § 2244(d)(1)(A) upon the expiration of the time for seeking direct review. The Circuit noted that "[u]nder Texas law, a defendant must file a notice of appeal 'within 30 days after the day sentence is imposed or suspended in open court.'" Id. (quoting Tex. R. App. P. 26.2(a)(1) (effective Sept. 1, 1997).

Applying the above holding to this case, Petitioner's deferred adjudication probation became final for purposes of § 2244(d)(1)(A) on March 26, 1997, thirty days after Petitioner pled nolo contendere and the court placed him on deferred adjudication probation. The one year limitation period commenced to run on March 27, 1997, and expired on March 26, 1998 – two months before his probation was revoked and he was assessed a term of imprisonment. Petitioner did not file this federal habeas petition until April 5, 2003, more than five years after the one-year limitation period expired. Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, see Sonnier v. Johnson, 161 F.3d 941 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner's state habeas

application was not pending in state court during the one-year period. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application did not toll limitation period where it was not filed until after the limitation period had expired). Therefore, Petitioner's claims challenging his original plea are time barred unless the one-year period is tolled on equitable grounds.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." United States v. Patterson, 211 F.3d 927, 930-31 (5th Cir.2000) (quoting Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998)). Equitable tolling applies only in cases presenting "rare and exceptional circumstances." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Id. (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996)). Further, "equity is not intended for those who sleep on their rights." Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).

It is unsurprising that Holloway took no action to raise these issues prior to the revocation of his deferred adjudication probation, as by any standard he obtained a very favorable disposition of the criminal charge in the first instance in avoiding a prison term in light of the offense charged and his prior criminal history.[2] However, the fact remains that he could have raised those claims in an art. 11.07 application filed on or before March 26, 1998, without being in jeopardy of having them being barred by the statute of limitations. Nor is mere ignorance of the law a circumstance warranting application of equitable tolling. Fisher, 174 F.3d

---

[2] The narrowly circumscribed requirements under Texas law under which a previously convicted felon can avoid imprisonment are set out in the trial court's findings in Petitioner's art. 11.07 application. See No. 53,361-02, Findings and Conclusions, ¶ 1, at 49-51.

at 714 ("Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); see also Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").[3] At least one of his assertions in his reply, *supra*, to wit: that the enhancement paragraphs would be dismissed, is directly refuted by the record showing that he pleaded "true" to the prior convictions. See No. F96-01997-MJ, Record Vol. 1 at 009. See also S.O.F. dated Feb. 24, 1997, at 44-45. 28 U.S.C. § 2244(d) constituted a reform to federal habeas corpus proceedings to "address problems of unnecessary delay." H.R. Conf. Rep. No. 104-518, at 111 (1996); U.S. Code of Administrative News 1996 at p. 944. Therefore, equitable tolling should not apply and his grounds relating to the Feb 24, 1997 plea are barred by the statute of limitations.[4]

    2.    Timeliness of Claim Relating to Probation Revocation Hearing

The issue of timeliness of this claim is dependent on the date on which his conviction and penitentiary sentence became final. In Foreman v. Dretke, 383 F.3d 336, 340-41 (5th Cir. 2004), a case raising only claims challenging the revocation of deferred adjudication probation, the Fifth Circuit held that a timely-filed appeal to a state intermediate court, which was dismissed for

---

[3] It appears that issues with respect to the initial proceeding were first raised in his direct appellate brief attacking the revocation of his deferred adjudication probation. As determined by the Fifth Court of Appeals, the court was without jurisdiction to consider such claims. See Appeal No. 05-98-01066-CR, opinion delivered on July 30, 1999, at 2.

[4] Even were the court to accept Holloway's argument that the one-year limitation period should be equitably tolled until his revocation judgment became final, it is clear that he did not diligently pursue relief. More than 160 days elapsed from the date that judgment became final until he filed his art. 11.07 application, and an additional 108 days passed between the date on which his application was denied and the date on which he filed his federal petition.

"want of jurisdiction," constituted "direct review" for purposes of one-year limitation period for filing federal habeas petition.  Id.

Applying Foreman to the case at hand, the court concludes that Petitioner's claim arising from his probation revocation was timely filed.  His probation revocation became final on August 29, 1999, thirty days after the dismissal of his appeal for want of jurisdiction.  Thus, the one-year commenced to run the next day on August 30, 1999.  As of February 10, 2000, the date of filing of the art. 11.07 application, 165 days of the one-year period had elapsed.  The state application remained pending until its denial on December 18, 2002, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2).  See also Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998).  The one-year period resumed running on December 19, 2002.  Petitioner filed his federal petition on April 5, 2003, before the expiration of the one year period.  Therefore, Petitioner's fourth ground is timely.

        3.        Merits Review of Claim Relating to Probation Revocation Hearing

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), precludes habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In his fourth ground, Petitioner claims that counsel was ineffective in failing to object to the trial court's lack of jurisdiction over his revocation hearing.  When a convicted defendant

seeks habeas corpus relief on the ground of ineffective assistance of trial counsel, he must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 687-694 (1984).

It appears Petitioner is seeking to challenge the transfer of his case between two courts with concurrent jurisdiction without a written transfer order.  Article 4.16, of the Texas Code of Criminal Procedure, provides that:

> When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complaint shall first be filed shall retain jurisdiction except as provided in Article 4.12.[5]

Tex.Code Crim. Proc. art. 4.16 (Vernon 2001).  Under Texas law, the absence of a transfer order is a procedural defect rather than a jurisdictional defect.  Evans v. State, 61 S.W.3d 688, 690 (Tex. App.-Fort Worth 2001, no pet.).  Unless a defendant raises an objection in the trial court, he waives his right to complain about the transferee court's jurisdiction.  Id. at 690-91 (citing Sharkey v. State, 994 S.W.2d 417, 419 (Tex. App.-Texarkana 1999, no pet.)); Mills v. State, 742 S.W.2d 831, 835 (Tex. App.-Dallas 1987, no pet.).

Counsel's failure to object to the omission of a written transfer order did not prejudice Petitioner in any way.  As the state habeas court noted, the error was a mere procedural mistake that could have been easily rectified by the trial court.  Ex parte Holloway, No. 53,361-02, at 52.  Moreover, Petitioner has not shown that omission of the transfer order had any impact on the outcome of his probation revocation hearing.  Thus, he cannot establish the prejudice prong

---

[5] Article 4.12 applies to misdemeanor cases.  Tex.Code Crim. Proc. art. 4.12 (Vernon 2001).

under Strickland.[6]

Petitioner has failed to show that the state court's decision to deny relief on his fourth ground is contrary to clearly established federal law, or is unreasonable in light of the evidence presented. His fourth ground should therefore be denied.

---

[6] Even assuming that the lack of a transfer order violated state law, such noncompliance did not rise to a federal constitutional violation. "Federal habeas courts are without authority to correct simple misapplications of state criminal law or procedure, but 'may intervene only to correct wrongs of [federal] constitutional dimension.'" Lavernia v. Lynaugh, 845 F.2d 493, 495-496 (5th Cir. 1988) (lack of written transfer order amounted at most to violation of state law and did not constitute denial of federal due process where alleged omission of transfer order had no impact on outcome of trial).

9

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court dismiss the first three grounds (the one relating to Petitioner's underlying nolo contendere plea) as time barred, see 28 U.S.C. § 2244(d), and deny the fourth ground (the one relating to Petitioner's probation revocation) on the merits.

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondent.

Signed this 5th day of January, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Serv. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc) a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.